In the Matter of WILLIAM TAYLOR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 1, 1981

APPEARANCES OF COUNSEL

*Donald E. Humphrey* for petitioner.

*William Taylor*, respondent *pro se*.

OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 6, 1955.

The Referee sustained the following allegations of misconduct: after being retained and paid $500 to seek a reversal of the New York State Teachers' Retirement System's rejection of his client's application for disability re-

tirement allowance, the respondent failed to keep his client advised of the status of the matter and did not promptly and properly process an appeal from a denial of his motion to compel a hearing; after the respondent moved for an order directing that the retirement system grant a hearing and reconsideration of his client's application, the Supreme Court granted a cross motion to dismiss the petition upon the ground that the petition was served upon the retirement system by ordinary mail without leave of court and, thus, jurisdiction over the retirement system was never properly obtained; after the respondent filed a notice of appeal, he abandoned the appeal without perfecting it and for four months failed to inform his client of the abandonment; the respondent falsely informed his client that he had perfected the appeal and was waiting for the court's decision; and after the same client retained the respondent regarding a Social Security claim, the respondent neglected said matter, took no action, and did not properly advise his client of the status of the matter.

The petitioner has moved to confirm the Referee's report and the respondent has submitted an affidavit in opposition to said motion, asking that the proceedings against him be dismissed. After reviewing all of the evidence we find the respondent guilty of the afore-mentioned misconduct. Accordingly, the petitioner's motion to confirm the Referee's report is granted and the respondent's cross application is denied.

Under all of the circumstances, it is our opinion that the respondent should be, and he hereby is, suspended from the practice of law for a period of one year, commencing July 6, 1981, and until the further order of this court.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and LAZER, JJ., concur.